**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ABDULRAZAK A. AL-SHERIFI, ) | |
| ) | CASE NO. 5:13-cv-02193 |
| Plaintiff, ) | |
| ) | |
| v. ) | MAGISTRATE JUDGE GREG WHITE |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | **MEMORANDUM OPINION & ORDER** |
| ) | |
| Defendant. ) | |

Plaintiff Abdulrazak A. Al-Sherifi ("Plaintiff ") challenges the final decision of the Acting Commissioner of Social Security, Carolyn W. Colvin ("Commissioner"), denying his claim for a Period of Disability ("POD"), Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Title(s) II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), 423, 1381 *et seq*.  This matter is before the Court pursuant to 42 U.S.C. § 405(g) and the consent of the parties entered under the authority of 28 U.S.C. § 636(c)(2).

For the reasons set forth below, the final decision of the Commissioner is VACATED and the case is REMANDED for further proceedings consistent with this opinion.

## I. Procedural History

On November 12, 2010, Plaintiff filed an application for POD, DIB, and SSI alleging a disability onset date of November 12, 2010. (Tr. 14.) His application was denied both initially and upon reconsideration. *Id*. Plaintiff timely requested an administrative hearing. *Id*.

On April 30, 2012, an Administrative Law Judge ("ALJ") held a hearing during which Plaintiff, represented by counsel, and an impartial vocational expert ("VE") testified. (Tr. 14.) On May 10, 2012, the ALJ found Plaintiff was able to perform a significant number of jobs in the national economy and, therefore, was not disabled. (Tr. 21-22.) The ALJ's decision became final when the Appeals Council denied further review.

## II. Evidence

### *Personal and Vocational Evidence*

Age fifty-two (52) at the time of his administrative hearing, Plaintiff is a "person closely approaching advanced age" under social security regulations. *See* 20 C.F.R. §§ 404.1563(d) & 416.963(d). (Tr. 21.) Plaintiff has a high school education and past relevant work as a "deliverer, merchandise, a cook helper, cutoff saw tender and a grinder." (Tr. 21.)

### *Relevant Hearing Testimony*

At the hearing, the ALJ asked the VE to assume an individual of the same age and education as Plaintiff and posed the following hypothetical:

> I want you to consider someone similar with an RFC as follows. Exertionally said individual could lift 10 pounds frequently, 20 pounds occasionally; carry 10 pounds frequently, 20 pounds occasionally; push 10 pounds frequently, 20 pounds occasionally; pull 10 pounds frequently, 20 pounds occasionally; could sit stand and walk six hours in an eight hour work day. The nonexertional consideration is that the interaction with the public, and coworkers, and supervisors should be minimized.

(Tr. 40-41.)

The VE testified that such an individual could perform a number of jobs and offered the following as representative examples: cleaner/housekeeper, Dictionary of Occupational Titles ("DOT") § 323.687-014; photo copy machine operator, DOT § 207.685-014; and, collator operator, DOT 208.685-010. (Tr. 41.)

In response to a question posed by Plaintiff's counsel, the VE testified that an individual who would be off task 20 percent of the day would be unemployable. (Tr. 43.) In a response to a second question, the VE testified that a limitation of only occasional use of the left, non-dominant arm would eliminate the photocopier and collator jobs, but the cleaner/housekeeper position would remain. (Tr. 43-44.)

### III. Standard for Disability

In order to establish entitlement to DIB under the Act, a claimant must be insured at the time of disability and must prove an inability to engage "in substantial gainful activity by reason of any medically determinable physical or mental impairment," or combination of impairments, that can be expected to "result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.130, 404.315 and 404.1505(a).[1]

---

[1] The entire process entails a five-step analysis as follows: First, the claimant must not be engaged in "substantial gainful activity." Second, the claimant must suffer from a "severe impairment." A "severe impairment" is one which "significantly limits ... physical or mental ability to do basic work activities." Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment, or combination of impairments, meets a required listing under 20 C.F.R. § 404, Subpt. P, App. 1, the claimant is presumed to be disabled regardless of age, education or work experience. 20 C.F.R. §§ 404.1520(d) and 416.920(d)(2000). Fourth, if the claimant's impairment does not prevent the performance of past relevant work, the claimant is not disabled. For the fifth and final step, even though the claimant's impairment does prevent performance of past relevant work, if other work exists in the national economy that can be

A claimant is entitled to a POD only if: (1) he had a disability; (2) he was insured when he became disabled; and (3) he filed while he was disabled or within twelve months of the date the disability ended. 42 U.S.C. § 416(i)(2)(E); 20 C.F.R. § 404.320.

Plaintiff was insured on his alleged disability onset date, November 12, 2010 and remained insured through the date of the ALJ's decision, May 10, 2012 . (Tr. 16.) Therefore, in order to be entitled to POD and DIB, Plaintiff must establish a continuous twelve month period of disability commencing between these dates. Any discontinuity in the twelve month period precludes an entitlement to benefits. *See Mullis v. Bowen,* 861 F.2d 991, 994 (6th Cir. 1988); *Henry v. Gardner*, 381 F. 2d 191, 195 (6th Cir. 1967).

A disabled claimant may also be entitled to receive SSI benefits.  20 C.F.R. § 416.905; *Kirk v. Sec'y of Health & Human Servs.,* 667 F.2d 524 (6th Cir. 1981). To receive SSI benefits, a claimant must meet certain income and resource limitations. 20 C.F.R. §§ 416.1100 and 416.1201.

### IV.  Summary of Commissioner's Decision

The ALJ found Plaintiff established medically determinable, severe impairments, due to spasm and strains from a motor vehicle accident, anxiety disorder, and post-traumatic stress disorder ("PTSD"). (Tr. 16.) However, his impairments, either singularly or in combination, did not meet or equal one listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 17.) Plaintiff was found incapable of performing his past relevant work, but was determined to have a Residual Functional Capacity ("RFC") for a limited range of light work. (Tr. 18, 20.) The ALJ then used the Medical Vocational Guidelines ("the grid") as a framework and VE testimony to determine

---

performed, the claimant is not disabled. *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

that Plaintiff was not disabled.

## V. Standard of Review

This Court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the correct legal standards were applied. *See Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("decision must be affirmed if the administrative law judge's findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision."); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). Substantial evidence has been defined as "[e]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Richardson v. Perales*, 402 U.S. 389 (1971).

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *Buxton v. Halter*, 246 F.3d 762, 772-3 (6th Cir. 2001) (*citing Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999) ("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached. *See Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).") This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference. *Mullen*, 800 F.2d at 545 (*citing Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

In addition to considering whether the Commissioner's decision was supported by

substantial evidence, the Court must determine whether proper legal standards were applied. Failure of the Commissioner to apply the correct legal standards as promulgated by the regulations is grounds for reversal. *See, e.g.,White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006) ("Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.")

Finally, a district court cannot uphold an ALJ's decision, even if there "is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (*quoting Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir.1996); *accord Shrader v. Astrue*, 2012 WL 5383120 (E.D. Mich. Nov. 1, 2012) ("If relevant evidence is not mentioned, the Court cannot determine if it was discounted or merely overlooked."); *McHugh v. Astrue*, 2011 WL 6130824 (S.D. Ohio Nov. 15, 2011); *Gilliam v. Astrue*, 2010 WL 2837260 (E.D. Tenn. July 19, 2010); *Hook v. Astrue*, 2010 WL 2929562 (N.D. Ohio July 9, 2010).

## VI.  Analysis

Plaintiff argues that the ALJ's decision is not supported by substantial evidence because both the hypothetical question posed to the VE, as well as the RFC assessment, failed to include any limitations in the ability to maintain concentration, persistence, and pace. (ECF No. 17 at 9.)

A claimant's RFC is the most that he can still do despite his functional limitations. 20 C.F.R. §§ 404.1545 & 416.945 *et seq.*; SSR 96-8p, 1996 SSR LEXIS 5.  The assessment must be

based upon all of the relevant evidence, including the medical records and medical source opinions.  *Id*.  The final responsibility for deciding the RFC "is reserved to the Commissioner."  20 C.F.R. §§ 404.1527(d)(2) & 416.927(d)(2).  While this Court reviews the entire administrative record, it "does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ."  *Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. Appx. 411, 2011 WL 1228165 at * 2 (6th Cir. 2011) (*citing Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995)).  *See also Vance v. Comm'r of Soc. Sec.*, 260 Fed. Appx. 801, 2008 WL 162942 at * 6 (6th Cir. 2008) (stating that "it squarely is not the duty of the district court, nor this court, to re-weigh the evidence, resolve material conflicts in testimony, or assess credibility.")  Indeed, the Sixth Circuit has repeatedly upheld ALJ decisions where medical opinion testimony was rejected and the RFC was determined based upon objective medical and non-medical evidence.  *See e.g., Ford v. Comm'r of Soc. Sec.*, 114 Fed. App'x. 194, 2004 WL 2567650 (6th Cir. 2004); *Poe v. Comm'r of Soc. Sec.*, 342 Fed. App'x. 149, 2009 WL 2514058 (6th Cir. 2009).  "[A]n ALJ does not improperly assume the role of a medical expert by assessing the medical and non-medical evidence before rendering a residual functional capacity finding."  *Poe*, 342 Fed. App'x. 149, 2009 WL 2514058 at * 7.  Moreover, a plaintiff's mere disagreement with the weight an ALJ ascribes to certain opinions does not provide a basis for overturning the RFC determination.  *Carter*, 2012 U.S. Dist. LEXIS 40828 at **21-22.

A hypothetical question must precisely and comprehensively set out every physical and mental impairment of the applicant that the ALJ accepts as true and significant.  *See Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).  Where the hypothetical

question is supported by the evidence in the record, it need not reflect unsubstantiated allegations by claimant. *See Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). A hypothetical question is not erroneous where at least one doctor substantiates the information contained in the question. *See Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927-28 (6th Cir. 1987) (*per curiam*).

On January 19, 2011, clinical neuropsychologist Joshua Magleby, Ph. D., performed a consultative examination. (Tr. 316-321.) Dr. Magleby identified Plaintiff's most severe symptoms as depression, anxiety, anger, and fatigue; he diagnosed PTSD and adjustment disorder with depressed mood. (Tr. 320.) He also assigned Plaintiff a Global Assessment of Functioning ("GAF") score of 55.[2] He opined that Plaintiff's ability to understand, remember, and follow instruction was unimpaired; his ability to **maintain attention, concentration, persistence and pace** to perform simple, repetitive tasks and to perform multi-step tasks was **moderately impaired**; his ability to withstand the stress and pressures associated with day-to-day work activity was moderately impaired; and, his ability to relate to others, including co-workers and supervisors, was markedly impaired. (Tr. 320.)

On January 23, 2011, non-examining State Agency medical consultant Steven J. Meyer, Ph. D., completed a mental RFC and assessed moderate limitations in Plaintiff's "ability to

---

[2] The GAF scale reports a clinician's assessment of an individual's overall level of functioning. *Diagnostic & Statistical Manual of Mental Disorders*, 32-34 (American Psychiatric Association, 4th ed revised, 2000) ("DSM-IV"). An individual's GAF is rated between 0 - 100, with lower numbers indicating more severe mental impairments. A GAF score between 51 and 60 indicates moderate symptoms or moderate difficulty in social, occupational, or school functioning. *See DSM-IV* at 34. It bears noting, however, that a recent update of the DSM eliminated the GAF scale because of "its conceptual lack of clarity . . . and questionable psychometrics in routine practice." *See Diagnostic and Statistical Manual of Mental Disorders* ("DSM-5") at 16 (American Psychiatric Association, 5th ed., 2013).

complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." (Tr. 62-64, 75-77.) He opined that Plaintiff was moderately limited in his ability to maintain attention and concentration for extended periods. (Tr. 63, 76.) Dr. Meyer indicated that Plaintiff should be limited to simple and some complex routine work in a setting with regular expectations, intermittent interactions with others, and few changes.[3] (Tr. 63-64, 76-77.)

The ALJ ascribed "significant weight to Dr. Magleby's opinion because it comes from a treating source and because it is consistent with the record." (Tr. 20.) In doing so, the ALJ specifically mentioned Plaintiff's moderate impairment in his ability to maintain attention, concentration, persistence, and pace. *Id*. Conversely, the ALJ ascribed "little weight" to the State Agency medical consultants' opinions because another opinion – presumably Dr. Magleby's – was "more consistent with the record as a whole." (Tr. 20.) Thus, to the extent Plaintiff argues that the ALJ erred by giving more weight to State Agency non-examining physicians than to Dr. Magleby's opinion – such an assertion is contradicted by the decision. (ECF No. 17 at 1.)

Nonetheless, Plaintiff's confusion is understandable, as the ALJ's decision is internally inconsistent and contradicts itself. The Commissioner points out that the ALJ, at Step Two of the sequential analysis, found that Plaintiff had only *mild* difficulties in concentration, persistence, or pace – not moderate limitations as found by Dr. Magleby. (ECF No. 19 at 23.) The Commissioner is correct, but that assertion only adds to the confusion. Not only did the

---

[3] On May 6, 2011, Patricia Semmelman, Ph. D., a non-examining State Agency medical consultant, completed a mental RFC echoing Dr. Meyer's findings. (ECF No. 92-94, 106-108.)

9

ALJ ascribe significant weight to Dr. Magleby's opinion later in the decision – including his opinion that Plaintiff had moderate limitations in concentration, persistence, and pace – but, at Step Two, the ALJ cites "Exhibit 3F" (and only that exhibit) in support of his finding that Plaintiff had *mild* limitations in these areas. (Tr. 17.) However, Exhibit 3F consists solely of Dr. Magleby's consultative psychological examination and, therefore, does not support a finding of mild limitations. (Tr. 316-321.)

These material inconsistencies greatly hinder this Court's ability to conduct a meaningful review of the ALJ's decision. In this Court's view, the ALJ's decision can be construed in two ways. The first possibility and, in this Court's opinion, the more likely scenario, is that the ALJ intended to find moderate difficulties in concentration, persistence, and pace at Step Two – consistent with the cited Exhibit 3F and the ALJ's own statement that he was ascribing significant weight to Dr. Magleby's opinion. Under this interpretation, the finding of mild limitations at Step Two amounts to a mere drafting error. The second possibility is that the ALJ intended to reject the moderate limitations in concentration, persistence and pace found by Dr. Magleby while accepting some of his other limitations. Under the second scenario, a remand would be necessary because the reasons given by the ALJ, or in this case lack of a reasoned explanation, failed to build an "accurate and logical bridge between the evidence and the result." *Fleischer*, 774 F. Supp. 2d at 877. In other words, if the ALJ intended to discount rather to credit Dr. Magleby's opinion, it was incumbent upon him to explain why.

Turning back to the first scenario, Plaintiff's argument that the RFC is not supported by substantial evidence is well taken. If the ALJ intended to find moderate limitations in concentration, persistence, and/or pace, the RFC is devoid of any limitations that could

reasonably be construed as accounting for them. Plaintiff relies on the Sixth Circuit's decision in *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504 (6th Cir. 2010). The *Ealy* court was confronted with a situation where the ALJ ascribed significant weight to the opinion of a state agency psychological consultant, yet omitted that same consultant's opinion that the claimant could only perform "simple repetitive tasks for two-hour segments over an eight-hour day where speed was not critical." *Id*. The hypothetical posed by the ALJ limited the claimant to only simple, repetitive tasks and instructions and omitted speed or pace-based restrictions. *Id*. The *Ealy* court concluded that because the hypothetical inadequately described the claimant's limitations, the VE's testimony did not constitute substantial evidence.

The *Ealy* decision is not squarely on point. The instant case lacks a medical opinion that included specific pace-based limitations. Nonetheless, it also lacks an RFC that limits the claimant to simple, routine tasks and instructions. Decisions from within this district have held that "[w]here an ALJ determines that the claimant has moderate difficulties in concentration, persistence, or pace, the ALJ must then account for them in the RFC finding." 2014 WL 861199 at *3 (N.D. Ohio Mar. 5, 2014) (Baughman, M.J.) (citing *Williams v. Comm'r of Soc. Sec.*, 2013 WL 2319276 at *4 (N.D. Ohio May 28, 2013) (finding that where the ALJ himself had determined in step three that Plaintiff had moderate difficulties regarding concentration, persistence or pace, the ALJ cannot ignore his or her own determination) (Pearson, J.)); *accord Coates v. Comm'r of Soc. Sec.*, 2014 WL 1224460 at *6 (N.D. Ohio Mar. 24, 2014) ("courts have remanded where an ALJ finds at step three the claimant has moderate difficulties in concentration, persistence, or pace, but fails to adequately account for those difficulties in the RFC determination and at step five.") (Knepp, M.J.)

11

In the case at bar, the RFC assessment limited Plaintiff to light exertional work, with the additional limitation that there be "minimal interaction with the public, co-workers and supervisors." (Tr. 18.) None of these limitations can reasonably be construed as having any connection to moderate limitations in the area of concentration, persistence, or pace.[4]

Without an explanation from the ALJ as to why he did not find it necessary to include any concentration, persistence, or pace-based limitations despite ascribing significant weight to Dr. Magleby's finding – the Court cannot find that substantial evidence supports the RFC determination. Therefore, the Commissioner's decision must be remanded for a new opinion. Further VE testimony based on a hypothetical question completely and accurately describes Plaintiff's limitations may be necessary.[5]

## VII. Decision

For the foregoing reasons, the Court finds the decision of the Commissioner not supported

---

[4] The phrase "concentration, persistence, or pace" is derived from the express language of the listings dealing with mental impairments. It is one of the four categories of criteria used to assess a claimant's functional limitations. 20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 12.00(C). "As a preliminary matter, it is significant to note that the ALJ did not necessarily attribute all three impairments—deficient concentration, persistence, and pace—to [claimant]. The classification is written in the disjunctive." *Brachtel v. Apfel*, 132 F.3d 417, 421 (8th Cir. 1997). In *Brachtel*, the Eighth Circuit explained that even though an ALJ finds limitations in the category of concentration, persistence or pace, the ALJ is "not necessarily making a finding that the claimant has all three of these impairments." *Id.* Here, however, regardless of whether the ALJ believed Plaintiff was moderately impaired in one, two, or all three of the these areas, the RFC completely omits *any* limitations in any of these areas. Rather, the only limitation related to Plaintiff's mental limitations incorporated into the RFC concerns Plaintiff's limitations in social interaction.

[5] The Court recognizes that inclusion of limitations based on moderate limitations in concentration, persistence, or pace may not necessarily result in a favorable outcome for Plaintiff. Nonetheless, this Court lacks the vocational expertise to determine whether a significant number of jobs would remain if additional limitations are included.

by substantial evidence. Accordingly, the decision is VACATED and the case is REMANDED, pursuant to 42 U.S.C. § 405(g) sentence four for further proceedings consistent with this opinion.

    IT IS SO ORDERED.

/s/ Greg White  
U.S. Magistrate Judge

Date: August 25, 2014